EDELMIRO MARTÍNEZ RIVERA, Plaintiff and Appellee, *v.* VÍCTOR RAFAEL TORO, JUDGE OF THE DIVISION OF INVESTIGATIONS OF THE DISTRICT COURT, SAN JUAN PART, Respondent and Appellant.

No. R-70-180.    Decided December 10, 1971.

*Gilberto Gierbolini, Solicitor General, Juan José Ríos Martínez,* and *Ruth Tentori Lebrón-Velázquez, Assistant Solicitors General,* for appellant. *J. L. Biamón Sánchez* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Mr. Víctor Rafael Toro, acting as Judge of the Division of Investigations of the District Court of San Juan, refused to admit and to accept bail instruments furnished by the Compañía de Fianzas de Puerto Rico in criminal cases, said instruments having been sworn to and signed before Notary Edelmiro Martínez Rivera.

Notary Martínez Rivera, alleging that the aforesaid judge willfully and intentionally and without any just cause whatsoever was obstructing, hindering, and preventing him from practicing the notarial profession in the execution of the aforesaid bail instruments, filed a petition for injunction against the judge before the San Juan Part of the Superior Court.

After the corresponding proceedings, said Superior Court rendered judgment granting the petition for injunction and ordered the respondent "to proceed to admit the bail bonds of the 'Compañía de Fianzas de Puerto Rico,' as well as those of any other insurance companies which authorize bonds before a public notary, and likewise, to cease and desist from his action not to admit bonds from insurance companies author-

ized to do business in Puerto Rico, signed before a notary public."

We agreed to review said judgment.

Irrespective of whether an injunction lies in order to prevent the action of the District Judge, pursuant to the provisions of § 678 of the Code of Civil Procedure (32 L.P.R.A. § 3524), and that the writ of injunction was expressly extended to other insurance companies which were not a party to the action, the judgment of the Superior Court is erroneous and should be reversed.

The Superior Court understood that there is an apparent contradiction between Rules 220 and 221 of the Rules of Criminal Procedure, but that both rules could be reconciled by virtue of § 22.020 (26 L.P.R.A. § 2202) of the Insurance Code. It also understood that in not allowing that the bonds rejected by the District Judge be signed or acknowledged before notary public, would imply the elimination of the notarial attestation, leaving without effect the provisions of the Notarial Law. The grounds for its judgments are erroneous.

The aforesaid Rules provide:

"RULE 220. BAIL; QUALIFICATIONS OF SURETIES

"Every undertaking shall be signed or acknowledged before a magistrate or clerk of a court, as the case may be, either by an insurance company authorized to furnish bail in Puerto Rico, or by a surety resident of Puerto Rico who should possess real property in Puerto Rico not exempt from execution for a value equal to the amount of bail, after having deducted any lien on said property, except that the magistrate or clerk before whom bond is furnished may allow more than one surety to bind themselves severally in lesser amounts provided the total of the individual obligations is equivalent to twice the amount of the bail. Wherever in these rules the term 'sureties' is used, it shall be construed as to read 'surety or sureties'." (34 L.P.R.A. App. II, R. 220, p. 562.)

## "RULE 221. BAIL; SURETIES; JUSTIFICATION OF QUALIFICATIONS

"Sureties not companies authorized to furnish bail in Puerto Rico must in all cases justify by affidavit taken before the magistrate or clerk granting bail, that they each possess the qualifications provided in the preceding Rule. The magistrate or clerk may further examine the sureties under oath concerning their responsibility in such manner as he may deem proper." (34 L.P.R.A. App. II, R. 221, p. 563.)

■ The wording of Rule 220 is clear and is free from all ambiguity as to the fact that all the bonds furnished by any insurance company authorized to furnish bail in Puerto Rico should be signed or acknowledged before a magistrate or clerk of a court, as the case may be, and not before a notary.

The bail furnished by a surety resident of Puerto Rico should also be signed or acknowledged before the aforementioned judicial officers. So that the requirement to the effect that the bail be signed or acknowledged before a magistrate or clerk is equally applicable by express provision of Rule 220, to the bails furnished by individual sureties, as well as to those furnished by companies authorized to furnish bail in Puerto Rico.

Rule 221 does not require from the companies authorized to furnish bail in Puerto Rico, to justify by affidavit, as individual sureties should do, and for obvious reasons, that they each possess the qualifications provided in Rule 220 as to the real property which they possess and concerning their responsibility.

Once a company is authorized to furnish bail in Puerto Rico, its responsibility to be a surety has been previously determined pursuant to the provisions of the Insurance Code of Puerto Rico. Therefore, under normal circumstances, it is not necessary for a company to justify before the magistrate or clerk its responsibility and qualification to furnish bail for a person accused of an offense. So that Rules 220 and 221 are

perfectly reconcilable, without the need of resorting, as the trial court did, to § 22.020 (26 L.P.R.A. § 2202) of the aforementioned Insurance Code, whose relevancy to the problem raised herein we do not understand.[1]

It is true that the Notarial Law provides that notaries are the only officers authorized to attest and certify to contracts and other extrajudicial instruments executed in their presence in accordance with law. (4 L.P.R.A. § 1001.) With the exception itself set forth by the law, only notaries may authorize affidavits or declarations when they have reference to facts, acts or contracts of a purely private nature. Act of March 12, 1908, as amended. (4 L.P.R.A. § 890.) The oath taken by sureties in a bail instrument in any criminal proceeding is not of a purely private nature, but on the contrary, it is vested with public interest. We are not discussing the power of the Legislature to provide by means of law or rule that certain acts shall be attested before other officers, and not before the notary. That was what it did through the approval of Rule 220 of the Rules of Criminal Procedure. That does not imply that the notary is being deprived of the exercise of his functions as such. The notary has been already excluded from administering oaths in other acts. See §§ 75 and 76 of the Civil Code (31 L.P.R.A. §§ 243 and 244) ; *Rivera* v. *District Court*, 58 P.R.R. 352 (1941).

For the foregoing reasons the judgment rendered by the Superior Court, San Juan Part, on May 19, 1970 will be

---

[1] Section 22.020 of the Insurance Code provides:

"Whenever by law or by rule of any court, public official, or public body, any surety bond, recognizance, obligation, stipulation or undertaking is required or is permitted to be given, any such bond, recognizance, obligation, stipulation, or undertaking which is otherwise proper and the conditions of which are guaranteed by an authorized surety insurer, or by an unauthorized surety insurer as a surplus line pursuant to chapter 10, *shall be accepted and shall be deemed to fulfill all requirements* as to number of sureties, residence, or status of sureties, and other similar requirements." (Italics ours.) (26 L.P.R.A. § 2202.)

reversed, and another rendered dismissing the petition for injunction.

Mr. Chief Justice Negrón Fernández, Mr. Justice Hernández Matos, and Mr. Justice Rigau took no part in the decision of this case.